ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| MARIBEL CONCEPCION MEDINA<br><br>Peticionario<br><br>v.<br><br>NYDIA CORDERO<br><br>Recurrido | KLCE202400511 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal Virtual<br><br>Civil Núm.: SMVL2842024-00609<br><br>Sobre:<br>Ley Núm. 284-1999, Ley contra el Acecho en Puerto Rico, según emendada por la Ley Núm. 44-2016 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece ante nosotros, por derecho propio y de forma *pauperis*,[1] Maribel Concepción Medina (Sra. Concepción Medina o peticionaria). Nos solicita la revocación de la *Resolución de Archivo* que notificó el Tribunal de Primera Instancia, Sala Municipal Virtual (TPI o foro primario) el 7 de mayo de 2024. En ella, el foro primario ordenó el archivo de la petición que instó la Sra. Concepción Medina en contra de Nydia Cordero (recurrida), al amparo de la Ley Núm. 284-1999, Ley contra el Acecho en Puerto Rico (Ley de Acecho), 33 LPRA sec. 4013 *et seq.*

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.* Veamos.

## I.

El 8 de mayo de 2024, la Sra. Concepción Medina instó en contra de la recurrida una petición bajo la Ley de Acecho. Le imputó

---

[1] Se declara Ha Lugar la *Solicitud y Declaración Para Que Se Exima de Pago de Arancel por Razón de Indigencia* que la peticionaria presenta junto a su petición de *certiorari.*

Número Identificador

RES2024_____

haber mantenido, durante un año, un patrón de acecho en su lugar de empleo, incluyendo presuntos ataques personalistas sobre su apariencia, más quejas viciosas, malintencionadas y difamatorias ante sus supervisores y ante la División de Recursos Humanos.

Evaluada la petición, el TPI determinó ordenar su archivo por entender que no se configuran los elementos que constituyen el acecho. Añadió que no existen motivos suficientes para expedir una orden de protección bajo la Ley de Acecho. En consideración a lo anterior, orientó a la peticionaria sobre el agotamiento de remedios administrativos con su patrono.

Inconforme, la Sra. Concepción Medina acude ante esta Curia mediante el recurso de epígrafe. En respuesta, el 16 de mayo de 2024, emitimos una *Resolución* concediendo a la peticionaria un término para evidenciar haber notificado a la recurrida sobre la presentación de su recurso, en cumplimiento con la Regla 33 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R.33. Transcurrido el referido término, la peticionaria no ha acreditado cumplimiento.

Examinado con detenimiento el recurso sometido ante nuestra consideración, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5).

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es

revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.;* Véase, además, *Scotiabank v. ZAF Corp., et al.,* 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones,

4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

### III.

Al entender sobre la presente causa colegimos que, la peticionaria solicita que dejemos sin efecto el dictamen del TPI, mediante el cual, archivó su petición bajo la Ley de Acecho, ante la ausencia de los elementos constitutivos del acecho. Ahora bien, observamos que, en su recurso, la peticionaria no incluye

propiamente un señalamiento de error, ni aneja una copia de la petición instada ante el foro primario.

No obstante, apreciamos que, la peticionaria señala haber sido objeto de un patrón de acecho durante un año por parte de la recurrida en su lugar de trabajo. Describe el referido acecho como: "especular sobre mi apariencia personal (peso, cabello, uñas), mi medio de transporte, casos de Ley 54. Constantemente lleva quejas viciosas, mal intencionadas y difamatorias a mis supervisores y a la División de Recursos Humanos. Muchos de sus alegatos tienen alcances personalistas que no están relacionados con el trabajo." La peticionaria añade en su recurso que "[a]goté todos los recursos de la Agencia y por Convenio Colectivo no puedo querellarme contra ella en la Unión de Trabajadores." Sobre tales bases, la Sra. Concepción Medina solicita que le concedamos una orden de protección bajo la Ley de Acecho.

Luego de evaluar el recurso según presentado, concluimos que, la Sra. Concepción Medina no nos ha puesto en posición para intervenir con el dictamen recurrido. No surge claramente de su recurso que el TPI haya abusado de su discreción al determinar que no se configuraron los elementos que constituyen el acecho en este caso.

A lo anterior se añade que, la peticionaria no perfeccionó adecuadamente su recurso en términos de forma y contenido, tal cual lo exige la Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34.[2] Como se sabe, el perfeccionamiento adecuado de un recurso presentado ante el Tribunal de Apelaciones depende, además, de la oportuna presentación y notificación del

---

[2] El inciso (B) de la citada Regla 34 exige incluir un índice detallado de la solicitud y de las autoridades citadas. De otra parte, el inciso (C) requiere, entre otros, una referencia a la decisión cuya revisión solicita; una relación fiel y concisa de los hechos procesales materiales; un señalamiento breve de los errores y su discusión. Por último, el inciso (E) obliga a incluir un apéndice con copia de todos los documentos que forman parte del expediente original ante el TPI, relevantes al dictamen objeto de revisión.

escrito a todas las partes. Regla 33 de nuestro Reglamento, *supra*; *Metro Senior v. AFV,* 209 DPR 203 (2022). A tales efectos, y según le requerimos a través de nuestra *Resolución* emitida el 16 de mayo de 2024, la peticionaria tampoco acreditó haber dado cumplimiento a la Regla 33 de nuestro Reglamento, *supra.*

Precisamos que, nuestro ordenamiento jurídico persigue brindar a la ciudadanía un acceso fácil, económico y efectivo para acudir ante este Tribunal, incluso por derecho propio y en *forma pauperis,* sin con ello eximirlos de cumplir con las reglas procesales. Artículo 4.004 de la Ley Núm. 103-2003, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (Ley de la Judicatura), 4 LPRA sec. 24w; *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 173 (2016).

En virtud de lo anterior, al amparo de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* y en ausencia de abuso de discreción, prejuicio, parcialidad y/o error manifiesto del foro primario, nos abstenemos de intervenir en este asunto. Tampoco identificamos fundamento alguno que justifique la expedición del auto de *certiorari* en aras de evitar un fracaso a la justicia.

**IV.**

Por todo lo anterior, denegamos la expedición del auto de *certiorari* según solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones